# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Frederick M. Abrams,
       Plaintiff

v.

Case No. 3:09CV541JBA

State of Connecticut
Department of Public Department of Safety, et al,
       Defendants

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. The Plaintiff, Frederick M. Abrams, resides at 83 Amherst Drive in Manchester, Connecticut.

2. The Defendant is the State of Connecticut Department of Public Safety Division of the State Police whose business address is 1111 Country Club Road in Middletown, Connecticut.

3. The Plaintiff, Frederick M. Abrams, brings this action of alleging discrimination on the basis of race black and color black and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 200e and the Civil Rights Act of 1991 (15 employees) as enforced through Connecticut Gen State 46a-58 (a) including allegations of retaliated against me for opposing a discriminatory practice on or about November 29, 2007, Discriminated against me in terms and condition of employment on or about November 29, 2007. The Plaintiff was denied an opportunity at inclusion as one of the distinguished member of the Eastern District Major Crime Van.

4. The Plaintiff is the president of the Connecticut Chapter of the Men and Women for Justice Inc. and has been the president while employed with the Connecticut State Police Department of Public Safety. The Men and Women for Justice has been the Plaintiff in a class action lawsuit against the Connecticut State Police. The Men and Women for Justice Inc. filed this action in 1982 alleging unlawful race discrimination in employment and assignments by the defendants. The Federal Law Suit filed alleging in a portion of the law suit that was filed that qualified minorities were being discriminated in specialized units by the defendant. The class action law suit, **Men and Women for Justice Inc. v Lester Forst Civil No. N82-171**.

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Frederick M. Abrams,
        Plaintiff

v.                                            Case No. _____

State of Connecticut
Department of Public Department of Safety, et al,
        Defendants

# Attachment I

The following defendants in this complaint are employees of the State of Connecticut Department of Public Safety Division of the State Police:

Commissioner John A. Danaher III
Major Steven Fields
Lieutenant Patrick O'Hara
Sergeant John Turner
Barbara Lynch, (Affirmative Action Office)

5. The Defendants, State of Connecticut Department of Public Safety Division of the State Police Commissioner John A. Danaher III in his individual and Official Capacity, in his individual and Official Capacity, Steven Fields in his individual and Official Capacity, Patrick O'Hara in his individual and Official Capacity, John Turner in his individual and Official Capacity and Barbara Lynch, Connecticut State Police Affirmative Action in her individual and Official Capacity.

6. The Plaintiff, Frederick M. Abrams, an African American black male resides in the State of Connecticut. The Plaintiff is currently a Detective with the State of Connecticut Department of Public Safety who employs more than 15 employees, hereinafter referred to as the "Agency."

7. The Plaintiff has worked for the Agency since 1986.

8. In 1986 after completing the Training Academy, Plaintiff was assigned to Troop C in Stafford Springs Connecticut. In April 1990 he was transferred to the Eastern District Major Crime Unit. The Plaintiff has 19 years of experience as a Detective with the Eastern Major Crime Unit and this is his present assignment.

9. The Plaintiff alleges that over for the past 10 years he has been discriminated and received unequal treatment in comparison to white detectives selected to the Eastern District Major Crimes Van. Selection to the Eastern District Major Crime Unit was based on the level of experience and advance training on the applicants.

10. The Plaintiff became interested in a position on the Eastern District Major Crime Van in 1998. Between 1998 and 2007 numerous white males were selected to the Eastern District Major Crime Van discriminating against the Plaintiff an African American male.

11. The Plaintiff alleges that during the majority of the Eastern District Major Crime Van selection process the defendants Steven Fields and John Turner were supervisors.

12. The Plaintiff made numerous complaints to the Connecticut State Police Affirmative Action office and she failed to address these Eastern District Major Crime Van selection problems.

13. Between January 25, 1999 and March 29, 2007 the Plaintiff attended numerous Law enforcement classes and seminars in preparation for a position on the Eastern District Major Crime Van (See Attachment A).

14. The Plaintiff alleges that each time he completed the classes and seminars the supervisor of the Eastern District Major Crime Van changed the requirement making it impossible for African American males to be selected.

15. The Plaintiff learned in 2002 from a white male detective that he was informed by a white male detective that the Plaintiff would never be selected to the Eastern District Major Crime Van because he "doesn't fit in."

Page # 2

16. The Plaintiff took it to mean that as an African Americans male he was not allowed to work on the Eastern District Major Crime Van.

17. The Plaintiff brought this statement to the State Police Colonel John Bardelli who failed to address this allegation.

18. The defendants Steven Fields, Patrick O'Hara and John Turner were responsible for the recent selection of detectives to the Eastern District Major Crime Van.

19. The Plaintiff had expressed interest in working on the Eastern District Major Crime Van during this time. In October or Early November 2006 a position for the Eastern District Major Crime Van became available. The Plaintiff sought this position.

20. The defendant Patrick O'Hara selected a white male with less training as a detective, less continuing law enforcement education, experience and knowledge. The Plaintiff believes the selection of less qualified white male was a discrimination act by members of the Agency.

21. On or about March 9, 2007 a second position for the Eastern District Major Crime Van became available. The Plaintiff applied for the assignment a second time. The defendant Patrick O'Hara rejected the Plaintiff a second time, selecting a white male detective for the position.

22. The Plaintiff requested through the chain of command, documentation from the defendant Patrick O'Hara on how the white male was selected. Thomas Wakely the Plaintiff's supervisor was told by the defendant Patrick O'Hara that he chose the white detective because he had four years of education and that the white detective was a better fit.

23. The Plaintiff believe that the defendant Patrick O'Hara discriminated and setup a different standard so that the Plaintiff an African American black male could not be selected.

24. The Plaintiff spoke to high ranking members of the Connecticut State Police about the selection process to the Eastern District Major Crime between 2002 and 2007 and the high ranking members of the Connecticut State Police failed to correct the white male only selection process. The Plaintiff exhausted all efforts with members of the Connecticut State Police to correct these discriminatory practices.

25. In both cases, October 2006 and March 2007 and the Defendant Patrick O'Hara selected white males for positions on the Eastern District Major Crime Van offering nebulous reason for his decision to the Plaintiff.

26. In April 2007 The Plaintiff filed CHRO complaint No. 0740263 and EEOC complaint No. 16a200701126 (See Attachment B).

27. The EEOC and the CHRO determined that there was probable cause to believe that discrimination occurred in both complaints (See Attachment C).

28. On or about May 2, 2007 the defendant Steven Fields issued an order to the Plaintiff's supervisor Thomas Wakely that the Plaintiff would have to make himself available anytime the Eastern District Crime Van has an investigation. This directive was in keeping with an order to Thomas Wakely in March 2007 that the Plaintiff would be an alternate on the Eastern District Major Crime Van. This was the second statement made by the defendant Steven Fields in five years offering the Plaintiff an alternate position on the Eastern District Major Crime Van. The Plaintiff believes that the defendant Steven Fields was setting different stands for the Plaintiff a black male compared to white males that were selected differently and different standards.

29. The Plaintiff notified the Connecticut State Police Commissioner John A. Danaher III on September 25, 2007 after filing the first CHRO and EEOC complaints against the defendants Steven Fields, Patrick O'Hara and John Turner the Plaintiff was being victimized and retaliated against which created a Hostile Work Environment (See Attachment D).

30. The State Police Commissioner John A. Danaher III was notified and violated his November 19, 2007 Anti-Retaliation Policy by failing to investigate the Plaintiff's complaint of a Hostile Work Environment. The Plaintiff filing resulted in a second CHRO retaliation complaint. The State Police Commissioner was aware of the two CHRO discrimination complaints against the defendant Patrick O'Hara and, in response, he promoted the defendant Patrick O'Hara to the rank of Captain (See Attachment E).

31. On November 29, 2007 Plaintiff filed a second CHRO complaint No. 0840184 and EEOC complaint No. 16a200800350. The Plaintiff alleged the defendants was retaliating against the Plaintiff for opposing a discriminatory practice and discriminated against the Plaintiff in term and conditions of employment. The CHRO disposition on this complaint notice was given that pursuant to Conn. Gen Stat. 46a-83 (b), the commission has retained the (second) complaint following its Merit Assessment Review process (See Attachment F).

32. On April 3, 2009 The Plaintiff received from CHRO a Notice of Right to Sue letter for complaint NO 0740263 and EEOC complaint No. 16a200701126 (See Attachment G).

33. On April 3, 2009 The Plaintiff received from CHRO a Notice of Right to Sue letter for complaint NO 0840184 and EEOC complaint No. 16a200800350 (See Attachment H).

Wherefore the Plaintiff prays that the court grant such relief as may be deemed appropriate including Injunctive order, back pay, position for minorities on the Eastern District Major Crime Van, monetary damages for lost wages, and lost wages to increase retirement pay, cost and attorney fees.

The Plaintiff hereby requests a trial by jury.

_Frederick M. Abrams_
Plaintiff

Page # 4

Plaintiff's Attorney :

**<u>Plaintiff's Attorney will be named at a later date</u>**

Plaintiff:

    Frederick M. Abrams
    83 Amherst Drive
    Manchester, Connecticut 06040
    Telephone # (860) 212-4595

Defendant's

    John A. Danaher, Commissioner
    State of Connecticut Department of Public Safety
    1111 Country Club Road
    Middletown, Connecticut 06457-2389

Defendant's Attorney

    Dawn Hellier, Legal Affairs Unit
    State of Connecticut Department of Public Safety
    1111 Country Club Road
    Middletown, Connecticut 06457-2389

Dated: April 6, 2009

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in The above action, the he/she has read the above complaint and that the information Contained in the complaint is true and correct. 28 U.S.C. 1746; 18 U.S.C. 1621

Executed at    Hartford, Connecticut   on April 6, 2009

*Frederick M. Abrams*

(rev 9/24/08)

AO440 (Rev 01/09) summons in Civil Action

UNITED STATES DISTRICT COURT
for the

Frederick M. Abrams,
      Plaintiff

v.                                    Case No. _____

State of Connecticut
Department of Public Department of Safety, et al,
      Defendants

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

    John A. Danaher, Commissioner
    State of Connecticut Department of Public Safety
    1111 Country Club Road
    Middletown, Connecticut 06457-2389

A lawsuit has been field against you.

Within 20 days after service of this summons on you (not counting the day you received it)- or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed.R.Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answer to the attached or a motion under Rule 12 of The Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

### Plaintiff's Attorney will be named at a later date

Plaintiff:
    Frederick M. Abrams
    83 Amherst Drive
    Manchester, Connecticut 06040
    Telephone # (860) 212-4595

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint You also must file your answer or motion with the court.

CLERK OF COURT

Date:_____                    _____
                                                   Signature of clerk or Deputy Clerk